United States District Court
Southern District of Texas

**ENTERED**

March 09, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAYMOND GLENN HOOKS, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-2667 |
| | § | |
| OFFICE OF THE ATTORNEY GENERAL | § | |
| OF TEXAS, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Pending before the Court are several motions, including two Motions to Dismiss. Defendant, Office of the Attorney General of Texas ("the OAG"), filed its Motion to Dismiss (Doc. No. 7) and Defendants Chin Van Dang and Amy Adelan filed their Motion to Dismiss (Doc. No. 26). Plaintiff Raymond Hooks responded to both motions. (Doc. No. 10 and Doc. No. 30, respectively). Defendant OAG replied. (Doc. No. 13). Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 9), Emergency Motion (Doc. No. 34), and Motion for Summary Judgment (Doc. No. 40) are also pending. For the following reasons, the Court **GRANTS** the Office of the Attorney General of Texas's Motion to Dismiss (Doc. No. 7) and **GRANTS** Chin Van Dang and Amy Adelan's Motion to Dismiss (Doc. No. 26). As a result, the remaining motions are **DENIED** as moot, and this case is **DISMISSED** without prejudice.

### I.    BACKGROUND

Plaintiff Raymond Hooks, proceeding *pro se*, brought this suit against several entities and employees associated with Texas' administration of child support. Plaintiff has sued the Attorney General of Texas' Child Support Division, the Texas Attorney General's Office of Child Support Unit 0502E, Beaumont Child Support Office, Chin Van Dang, "in private and official capacity as

Agent of the Attorney General of Texas Child Support Division and/or Beaumont Child Support Office," and Amy Adelan "in private and official capacity as Agent of the Attorney General of Texas Child Support Division and/or Beaumont Child Support Office."[1] (Doc. No. 1 at 13). Dang and Adelan are child support officers employed by the Office of the OAG. (Doc. No. 26 at 7). Plaintiff alleges that these Defendants deprived him of his constitutional and statutory rights when they enforced child support obligations on him after he claims to have validly relinquished his parental rights through an agreement. (*Id.* at 2–3). Specifically, Plaintiff appears to bring claims under 42. U.S.C § 1981 and § 1983, the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and Texas negligence law. *See* (Doc. No. 1 at 2–7). Defendants, the OAG, Chin Van Dang, and Amy Adelan, have all moved to dismiss Plaintiff's claims under Rule 12(b)(1) and 12(b)(6). The Court will focus on their arguments for dismissal under Rule 12(b)(1) as they are dispositive in this case.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

---

[1] "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civil Action No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007). Plaintiff filed suit against a number of non-jural entities including The Office of the Attorney General of Texas – Child Support Division and The Office of the Attorney General of Texas – Child Support Division Unit 0502E (Beaumont Office). As these divisions and units are not entities capable of being sued, the claims against them are properly asserted only against the Office of the Attorney General of Texas, and this Order will reflect that.

(1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

### III.    ANALYSIS

Plaintiff sued the OAG's Child Support Division and several of its offices. This Court will proceed as if those claims were brought against the OAG itself. Plaintiff also brings claims against two OAG employees, Amy Adelan and Chin Van Dang. From his Complaint, it is not clear whether Plaintiff intended to bring his claims against Adelan and Van Dang in their official or individual capacities, which would impact this Court's analysis. In his Complaint, Plaintiff states in a section titled "Service of Process," that he is suing both Adelan and Van Dang "in private and official capacity as Agent of the Attorney General of Texas Child Support Division and/or Beaumont Child Support Office." (Doc. No. 1 at 13). That being so, in the section of Plaintiff's Complaint titled "Factual Allegations," Plaintiff alleges that "Adelan, acting in her *official* capacity . . . has engaged in a pattern of threats, bullying, and coercion." (*Id.* at 3) (emphasis added). Additionally, in the caption of his lawsuit, he has named both Adelan and Dang "in official capacity as Agent of the Attorney General of Texas Child Support Division." (*Id.* at 1). Furthermore, Dang is not mentioned in the Complaint beyond being named as a defendant. *See* (*id.*). From the allegations in the Complaint, it appears Plaintiff has only made allegations against Adelan and Dang in their official capacities; therefore, the Court will treat them as such. *See Casaubon v. Texas Mut. Insurance Co.*,

No. 1:19-CV-617-RP, 2025 WL 2664083, at *3 (W.D. Tex. Sept. 12, 2025) ("[W]hen a plaintiff sues government officials and employees but does not indicate whether the employees are sued in their official or individual capacity, they are sued in their official capacity."). Accordingly, Plaintiff's claims against those two individuals are no different than if they had been brought against the OAG itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *Cf. Finna Fail, LP v. Moore*, No. CIV.A. H-10-2045, 2010 WL 5437272, at *5 (S.D. Tex. Dec. 27, 2010) (finding governmental immunity barred plaintiff's claims brought against defendants in their "individual capacities" when as pled, the plaintiff's claims arose only out of the defendants' actions taken in their official capacities as employees of the County).

The Court now turns to the two Motions to Dismiss, which present similar arguments, so the Court will analyze their arguments together. The OAG first argues that this Court lacks subject matter jurisdiction over Plaintiff's claims under the Eleventh Amendment, so his claims must be dismissed. (Doc. No. 7 at 2). The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). It has been established that "[t]he Office of the Attorney General is an arm of the state entitled to sovereign immunity." *Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002); *see* Tex. Const. art. IV, § 22. The burden of establishing subject-matter jurisdiction lies with the plaintiff. *Ramming*, 281 F.3d at 161. Here, Plaintiff fails to establish any waiver of immunity, consequently, this Court is barred by the Eleventh Amendment from considering these claims.

4

First, to the extent Plaintiff intended to bring a claim alleging a violation of equal protection or any other Constitutional guarantee, such claims are brought pursuant to 42 U.S.C. § 1983 and § 1981 and are barred by sovereign immunity. *See, e.g., Fox v. Mississippi*, 551 F. App'x 772, 774–75 (5th Cir. 2014) (per curiam) (holding, *inter alia*, that sovereign immunity barred claims under sections 1983 and 1985 against a state, a district that was an agency of a state, and individuals sued in their official capacities); *see also Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 388 (5th Cir. 2018) (citing *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981)) ("Section 1981 does not waive a state's Eleventh Amendment immunity."). Accordingly, because Plaintiff has not plead a valid waiver of immunity, any claims brought under 42 U.S.C. §1983 or §1981 must be dismissed for lack of jurisdiction.

Next, to the extent Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA") or the Fair Credit Reporting Act ("FCRA") against the OAG, those claims are likewise barred by the Eleventh Amendment. Congress has not abrogated sovereign immunity in the context of the FDCPA or the FCRA, and Plaintiff does not plead that Texas has waived its immunity as to either statute. *See Webb v. Texas Higher Educ. Coordinating Bd.*, No. EP-14-CV-00345-FM, 2014 WL 12594193, at *10 (W.D. Tex. Dec. 12, 2014) (finding that the FCRA and the FDCPA do not abrogate state sovereign immunity); *Johnson v. Mercedes Benz Fin.*, No. 1:22-CV-202-LY-ML, 2022 WL 17732339, at *2 (W.D. Tex. Oct. 13, 2022), *report and recommendation adopted*, No. 1:22-CV-202-LY, 2022 WL 21757204 (W.D. Tex. Dec. 20, 2022) ("Texas has not waived its immunity for the purposes of FCRA."). Plaintiff does not plead any waiver of immunity by the OAG. Accordingly, Plaintiff's FDCPA and FCRA claims against the Office of the Attorney General and any of its Divisions, are barred by sovereign immunity, and must be dismissed for lack of jurisdiction.

5

Finally, to the extent that Plaintiff intended to assert any state tort claims for negligence, those are likewise barred. The Texas Tort Claims Act ("TTCA") is the only avenue for recovery against a Texas governmental defendant. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). The TTCA contains a limited waiver of sovereign immunity, but that waiver only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996) (holding the Texas Tort Claims Act "waives sovereign immunity in state court only"). Plaintiff did not identify any waiver of immunity in the TTCA that would apply to any of his claims in state court. *See generally* (Doc. No. 1). For these reasons, any state law negligence claims fail due to the OAG's sovereign immunity.

In his response, Plaintiff argues that the *Ex parte Young* doctrine applies here, so sovereign immunity does not bar his claims. That doctrine permits suits against state officials, in their official capacities, for prospective injunctive relief to address ongoing violations of federal law; it does not authorize suits against the state or its agencies. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) ("*Ex Parte Young* only applies to suits for prospective relief against state officials; it "has no application in suits against . . . States and their agencies.") (citing *Ex parte Young*, 209 U.S. 123 (1908)). *Ex parte Young* does not apply here because the OAG is not an individual official, but a state agency. *Id.* Even if it did, Plaintiff has not alleged any ongoing violation of federal law that could support equitable relief under this exception. *See Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). Thus, this argument is unavailing.

Plaintiff also argues in response that Congress has abrogated sovereign immunity for FCRA claims, citing *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42 (2024). (Doc. No. 10 at 1). *Kirtz* held that the FCRA effects a clear waiver of sovereign immunity by Congress as to the *United States*. *Kirtz*, 601 U.S. at 52. Individual states can still invoke Eleventh Amendment

immunity against the FCRA, which the OAG has done here. *See Cutrer v. Tarrant Cnty. Local Workforce Dev. Board*, 943 F.3d 265, 271–72 (5th Cir. 2019). Like previously stated, the State of Texas has not waived its immunity for purposes of the FCRA. *See Walker v. Texas, Office of Atty. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002) (citing Tex. Const. art. IV, § 22). Here, Plaintiff fails to establish any waiver of immunity, and as a result, all of his claims against the OAG are barred by sovereign immunity.

Furthermore, Plaintiff asks the Court to "terminate further enforcement and modifications," and to enjoin and restrain Defendants from initiating or continuing any enforcement, all to halt ongoing state court proceedings to enforce a valid child support order through federal intervention. (Doc. No. 1 at 14). Plaintiff judicially admitted to the ongoing state court proceedings in his request for temporary restraining order and attached affidavit. (Doc. No. 9 at 2, 7). Accordingly, the Court takes judicial notice of the ongoing state court enforcement proceeding in the 88th District Court, Hardin County, Texas; Cause No. 51838. (Doc. No. 26-2; Doc. No. 26-3). *Sparkman v. Charles Schwab & Co., Inc.*, 336 F. App'x 413, 415 (5th Cir. 2009). [2]

To the extent that Plaintiff complains of ongoing state court proceedings, his claims are barred by the *Younger* abstention doctrine, which prohibits federal courts from enjoining pending state judicial proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Under *Younger* and its progeny, federal courts abstain from enjoining state court civil proceedings "when important state interests are involved." *Id.* The Fifth Circuit has held that *Younger* and *Middlesex* require federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) the state has an

---

[2] "In determining whether the Court has subject matter jurisdiction, the Court is not confined to the pleadings." *Freedom From Religion Found., Inc. v. Mack*, No. CV H-17-881, 2018 WL 6981152, at *3 (S.D. Tex. Jan. 19, 2018), citing *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (under Rule 12(b)(1), the court is permitted to look at evidence in the record beyond facts alleged in the complaint).

important interest in regulating the subject matter of the claim, and (3) there should be an "adequate opportunity in the state proceedings to raise constitutional challenges." *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996).

Here, all of the prongs are met. First, the state court action filed by the OAG to enforce the valid Texas child support order is ongoing as of the filing of this Motion. *See* (Doc. No. 26-2). Second, Federal courts routinely apply *Younger* abstention to ongoing child support actions, including enforcement proceedings. *See, e.g.*, *Agustin v. Cnty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007); *Dixon v. Kuhn*, 257 F. App'x 553, 555–56 (3d Cir. 2007); *Tindall v. Wayne Cnty. Friend of Court*, 269 F.3d 533, 538–40 (6th Cir. 2001); *Melton v. D.C.*, 46 F. Supp. 3d 22, 25 (D.D.C. 2014); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). The state court proceeding to collect child support is a family relations matter that implicates important state interests. *Mendives v. Bexar Cnty.*, No. 521CV00356JKPRBF, 2021 WL 4708079, at *4 (W.D. Tex. June 23, 2021), *report and recommendation adopted*, No. SA-21-CV-0356-JKP, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021) ("Child-support awards, custody and divorce decrees, and wage garnishment to satisfy a state child-support order are important state interests."). Third, to overcome the presumption in favor of abstention, Plaintiff must show that he had no opportunity to litigate the federal issue in state court. *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). "Texas law is apparently as accommodating as the federal forum . . . . [A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 425–26 (1979). Plaintiff has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1176. Accordingly, in line with well-settled law, this Court will abstain from exercising jurisdiction and dismiss Plaintiff's Complaint under *Younger*.

8

Next, Plaintiff also asks this Court to "declare that the disputed alleged debt has not been established through a valid and enforceable contract between Plaintiff and Defendants". (Doc. No. 1 at 15). In substance, this is a request for the Court to declare that his child support obligation does not exist, to nullify a valid state court judgment establishing the requirement to pay child support and confirming the amount, and to relitigate issues already fully and finally decided in his state court proceedings. Such relief is precisely the type of collateral attack on state court judgments that the *Rooker-Feldman* doctrine prohibits.

Under *Rooker-Feldman*, federal district courts lack jurisdiction to review state court judgments when federal claims are "inextricably intertwined" with those judgments. *See United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state court decision,' and the originality of the district court's jurisdiction precludes such a review." *Shepherd*, 23 F.3d at 924.

Here, Plaintiff's claims directly challenge the validity of state court orders and judgments. (Doc. No. 1 at 15). In his Complaint, Plaintiff repeatedly claims that his agreement to waive parental rights was a valid agreement that the OAG is illegally enforcing against him. The 88th Judicial District Court of Hardin County, Texas already found that "there was never an agreement between the parties for [Plaintiff] to terminate his parental rights of the children." (Doc. No. 26-3). Through his prayer for relief, Plaintiff asks this Court to declare his "agreement" to waive parental rights and child support obligations as valid, but the State court has already determined that it was not a valid agreement. *See* (*id.*). As a result, this Court lacks jurisdiction to hear

9

Plaintiff's collateral or direct attacks on state court decisions. If he is dissatisfied with the results of his state court case, his remedy is to appeal that case.

## IV.     CONCLUSION

To conclude, this Court lacks subject matter jurisdiction over all of Plaintiff's claims under the Eleventh Amendment, the *Younger* abstention doctrine, and the *Rooker-Feldman* doctrine. Moreover, the claims under sections 1983 and 1981, the FDCPA, the FCRA, and any state-law tort claims are barred by sovereign immunity. Accordingly, Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's claims against all Defendants are **DISMISSED** without prejudice.

For the foregoing reasons, Defendant, The Office of the Attorney General of Texas' Motion to Dismiss (Doc. No. 7) and Defendants, Chin Van Dang and Amy Adelan's, Motion to Dismiss (Doc. No. 26) are **GRANTED**, and Plaintiff's claims are **DISMISSED** without prejudice. All remaining pending motions are **DENIED** as moot. (Doc. Nos. 9, 11, 34, 40).

The Clerk is ordered to close this case.


Signed on this the ___9___ day of March, 2026.

Andrew S. Hanen
United States District Judge

10